**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:45 AM June 1, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| IN RE: | ) CHAPTER 7 ) |
| MELINDA LOUISE ELKINS, | ) CASE NO. 05-65317 ) |
| Debtor. | ) JUDGE RUSS KENDIG ) ) **AMENDED[1] MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| IN RE: | ) CHAPTER 7 ) |
| CLARENCE ARNOLD ELKINS, II, | ) CASE NO. 05-69543 ) |
| Debtor. | ) JUDGE RUSS KENDIG ) ) **AMENDED MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

---

[1] This memorandum of opinion is amended for the limited purpose of removing language stating that the parties shall submit the protective order due to the fact that the court entered the protective order on May 29, 2012 and to provide that Elkins Sr. respond to the United States' subpoena within ten days following the entry of this memorandum of opinion.

1

Now before the court is the United States' motion for order compelling Clarence Elkins, Sr. ("Elkins, Sr.") to produce documents in response to subpoena ("motion to compel"), filed on March 23, 2012, and Clarence Elkins Sr.'s cross-motion for protective order, filed on April 6, 2012. The court held a hearing on these matters on May 7, 2012 and took the matter under advisement.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

The United States issued subpoenas to Elkins Sr., a non-party to the action, seeking documents that identify or contain evidence of physical or emotional injuries or sickness that he sustained as a result of being wrongfully arrested, convicted, and incarcerated, any medical treatment received for these injuries and other related matters. Elkins Sr. is willing to provide the documents but seeks a protective order to ensure that the documents, some of which may be privileged, are provided subject to protections regarding use and disclosure.

## LAW AND ARGUMENT

Federal Rule of Bankruptcy Procedure 7037 is applicable to this matter and incorporates Federal Rule of Civil Procedure 37. The court finds that the parties attempted to resolve this dispute before bringing it to the court in accordance with Local Bankruptcy Rule 7026 and Fed. R. Civ. P. 26(c)(1) and 37(a)(1).

### I. Motion to Compel

The United States filed a motion to compel Elkins Sr. to produce the documents requested in the subpoena served on him and to enter a protective order to the extent it is appropriate. As both parties agree that a protective order is appropriate in this matter, the court will grant in part the motion to compel subject to a protective order as discussed below.

### II. Cross-Motion for Protective Order

Elkins Sr. moves the court to enter a protective order which is derived from the Northern District of Ohio's form protective order modified as appropriate for this matter and to enter an order providing him ten days after the entry of a protective order to serve his responses and responsive documents. The United States does not oppose the entry of a protective order in this matter.

2

Both parties proposed competing protective orders that each wants the court to enter for this matter. At the hearing, the United States set forth one unresolved issue between the protective order it proposes and the one proposed by Elkins Sr.: should the protective order contain a paragraph that allows the United States to disclose the information or documents received through discovery to the appropriate federal, state, local, foreign, or tribal law enforcement authority or appropriate agency if counsel for the United States believes the information indicates a violation of law.[2] The United States insists on the inclusion of this paragraph and Elkins Sr. objects to its inclusion.

Conversely, Elkins Sr. sets forth two issues that remain unresolved. First, Elkins Sr. agrees with the United States that the paragraph regarding the use of the information outside this matter is in dispute. Second, Elkins Sr. proposes a protective order that addresses procedural issues which the protective order proposed by the United States does not address.

Federal Rule of Civil Procedure 26(c)(1), applicable to this proceeding by Fed.R.Bankr.P. 7026, provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…

The movant bears the burden of establishing good cause for a protective order. Nix v. Sword, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (citing Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)); *accord* Freudeman v. The Landing of Canton, No. 5:09CV175, 2010 U.S. Dist. LEXIS 873, at 6 (N.D. Ohio Jan. 5, 2010). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." Nix, 11 Fed. Appx. at 500 (quoting Avirgan v. Hull, 118 F.R.D. 252, 254 (D.D.C. 1987)). In other words, "[t]he potential for annoyance, embarrassment, oppression, or undue burden or expense 'must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Freudeman, 2010 U.S. Dist. LEXIS 873, at 6 (quoting Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 550 (6th Cir. 2004)).

The court will first address the protective order proposed by Elkins Sr.[3] It is clear from the pleadings and exhibits that both parties[4] were drafting their own protective order that addressed the concerns of this matter. Elkins Sr. now proposes to use a form order, modified as appropriate, to serve as the protective order for this matter. The form protective order is derived from the

---

[2] This paragraph is set forth in its entirety as paragraph 18 of the United States' Exhibit 16.
[3] The protective order proposed by Elkins Sr. is Exhibit B to his response and motion for protective order.
[4] The court references the United States' motion to compel, Elkins Sr.'s response and motion for protective order, and the United States' reply.

3

Northern District of Ohio as a suggested starting point. It is not an official form promulgated by the District Court and, as a result, it non-binding and has no legal significance. Accordingly, this court is not compelled to utilize the form protective order. Further, given that the parties were negotiating using a draft protective order tailored specifically for the unique needs of this matter, it makes little sense to start the drafting process over and turn to a form protective order that is not tailored to the needs of this matter. Moreover, Elkins Sr. failed to articulate any specific facts to establish that his version of the form protective order is more likely to remedy a clearly defined and serious injury than the protective order proposed by the United States. Elkins Sr. has not met his burden of proof with respect to the use of the form protective order. Accordingly, the court will not enter Mr. Elkin Sr.'s proposed protective order.

The United States proposes a protective order that the parties were drafting and modifying during negotiations.[5] The only paragraph at issue in the United States' proposed protective order is paragraph 18, which, as discussed above, contains language allowing the United States to utilize information and documents received in this matter for law enforcement purposes and is the crux of the instant dispute.

Addressing paragraph 18, the question is whether Elkins Sr. has met his burden of proof. The answer is no. In both his motion and at the hearing, Elkins Sr. failed to set forth a clearly defined and serious injury that would occur as a result of the United States retaining the ability to use information obtained in this matter for law enforcement purposes in other matters. Elkins Sr. references that the discovery itself is burdensome and an annoyance, that it seeks private, allegedly privileged information, and that Elkins Sr. is a non-party to this matter. But those are not the issues here as the United States concedes that a protective order is appropriate.

While there is no case directly on point, it is difficult to believe that courts would find a right to prohibit the use of appropriately obtained records in order to suppress legitimate law enforcement. More significantly, no potential injury is suggested and the court struggles to conjure one. The court need not so imagine as Elkins Sr. is assigned the burden of proof.

As Elkins Sr. has failed to meet his burden of proof, the court finds that the protective order proposed by the United States, Exhibit 16 to the United States' reply, is appropriate pursuant to Fed.R.Civ.P. 26(c). At the hearing, the United States mentioned one minor modification to Exhibit 16. Specifically, the United States requested that paragraph 24 be modified to include as an exception anything that the United States discloses for purposes of Paragraph 18. Elkins Sr. raised no objection to this modification at the hearing. Accordingly, the court will include this language in the protective order.

Elkins Sr. requested that the court provide him 10 days from the entry of the protective order to serve his responses and responsive documents to the United States' subpoena. In the United States' reply, it does not dispute the ten-day period for Elkins Sr. to respond. Accordingly, Elkins Sr. shall serve his responses and responsive documents to the United States within 10 days following the entry of this memorandum of opinion.

---

[5] The protective order proposed by the United States is Exhibit 16 to its reply.

### III. Attorneys' Fees Pursuant to Fed.R.Civ.P. 37(a)(5)

Elkins Sr. has requested reasonable attorneys' fees in responding to the United States' motion to compel and in filing his motion for a protective order.

Pursuant to Fed.R.Civ.P. 26(c)(3), expenses are awarded in motions for protective orders under Fed.R.Civ.P. 37(a)(5) and expenses awarded for motions to compel are also reviewed under Fed.R.Civ.P. 37(a)(5). Where a court has granted a discovery motion in part, it is in the discretion of the court to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (requiring the party be given an opportunity to be heard). Discovery sanctions are intended to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." Jackson by Jackson v. Nissan Motor Corp. in USA, 888 F.2d 1391, 1989 U.S. App. LEXIS 16348, at 8-9 (6th Cir. 1989) (quoting Bell v. Automobile Club of Michigan, 80 F.R.D. 228, 229 (E.D. Mich. 1978)).

In the instant matter, there is no basis to assess sanctions against the United States. Both parties were engaged in negotiations with each other and acted in good faith to attempt to resolve this obviously sensitive matter. It is clear that counsel for the United States responded to the concerns of Elkins Sr. in an attempt to resolve them. An award of expenses against the United States would be unjust given the circumstances.[6] Accordingly, the court will deny Elkins Sr.'s request for attorneys' fees.

An order will be entered simultaneously with this opinion.

#     #     #

**Service List:**

Alan Shapiro
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044

Gordon D. Woolbert, II
Chrysanthe E. Vassiles
220 Market Ave., South, Suite 1000
Canton, OH 44702

---

[6] Pursuant to Fed.R.Civ.P. 37(a)(5)(A), "the court must not order this payment if…other circumstances make an award of expenses unjust."