IN THE UNITED STATES BANKRUPTCY COURT
NORTHEN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-65317 |
| | ) | |
| MELINDA LOUISE ELKINS | ) | CHAPTER 7 |
| n/k/a Melinda Louise Dawson | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor | ) | |

## SECOND AMENDED MOTION TO REOPEN CASE PURSUANT TO 11 U.S.C. §350

Now comes Debtor, Melinda Louise Elkins n/k/a Melinda Louise Dawson, by and through the undersigned counsel, and respectfully moves this Court to reopen the above case pursuant to 11 U.S.C. §350. The basis for this Motion is that the Trustee previously paid federal and state income taxes based on a settlement the Debtor received as a result of the wrongful incarceration of her former husband, Clarence Elkins, Sr. On or about December 18, 2015, the United States Congress enacted legislation excluding all civil damages and monetary awards resulting from a wrongful incarceration from the recipient's gross taxable income. Said legislation was made applicable to all tax years before and after the date of enactment.

Debtor accordingly requests that the subject case be reopened to allow the Trustee to file amended federal and state income tax returns so as to request refunds of the taxes previously paid from the Debtor's estate.

## MEMORANDUM IN SUPPORT OF MOTION

On behalf of the Debtor, the Trustee received a settlement in the amount of $611,038.69, resulting from the wrongful incarceration of Debtor's former husband, Clarence E. Elkins in the case of *Elkins v. Summit County Prosecutor's Office, et al.,* Summit County

Case No. 5:06cv3004. The issue of whether the settlement funds received by the Trustee are subject to taxation was previously disputed between the Trustee and the Internal Revenue Service. Based on the law in existence at the time of the dispute, the Trustee and the Debtor agreed to include seventy-five percent (75%) of the proceeds of the settlement as taxable income. After applying all applicable deductions, Trustee paid the sum of $108,124.67 in federal income taxes and $10,786.00 in state income taxes.

On or about December 18, 2015, the Omnibus Tax Bill was signed into legislature by the United States Congress and the President, which exempts wrongful incarceration awards from taxation. A copy of 26 U.S.C. §139(F) is attached hereto as Exhibit "A". The statute provides in relevant part:

(a) In the case of any wrongfully incarcerated individual, gross income shall not include any civil damages, restitution, or other monetary award (including compensatory or statutory damages and restitution imposed in a criminal matter) relating to the incarceration of such individual for the covered offense for which such individual was convicted.

...

(c) Effective Date. – The amendments made by this section shall apply to taxable years beginning before, on, or after the date of the enactment of this Act.

(d) Waiver of Limitations. – If the credit or refund of any overpayment of tax resulting from the application of this Act to a period before the date of enactment or this Act is prevented as of such date by the operation of any law or rule of law (including res judicata), such credit or refund may nevertheless be allowed or made if the claim therefor is filed before the close of the 1-year period beginning on the date of the enactment of this Act.

Although the statute does not specifically address a claim based on loss of consortium, it is well established that a claim for loss of consortium is derivative of the primary claim and should be treated the same as the primary claim in all respects. See *Fehrenbach v. O'Malley,* (2007) 113 Ohio St.3d 18; *Slusher v. Ohio Valley Propane Services,* (2008) 117 Ohio App.3d

52; *McFadden v. Butler,* (2011) 166 Ohio Misc.2d 16; and *Rose v. Zyniewicz,* 2011-Ohio-3702 (OHCA10).

WHEREFORE, Debtor requests that the subject case be reopened to permit the Trustee to file amended tax returns, requesting a refund of federal and state income taxes previously paid from the Debtor's estate, with regard to the settlement Debtor obtained in the case of *Elkins v. Summit County Prosecutor, et al.*

Respectfully submitted,

/s/David B. Spalding #0019835
David B. Spalding  #0019835
Attorney for Debtors
157 Wilbur Drive, N.E.
North Canton, Ohio  44720
330-493-0700 – phone
330-498-0400 – fax
dspaldinglaw@gmail.com – e-mail

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2016, the foregoing Motion of Debtor, Melinda Elkins Dawson to Reopen Bankruptcy Case was electronically transmitted via the Court's CM/ECF system to the following, who are listed on the Court's Electronic Mail Notice List:

Bruce R. Schrader  bschrader@ralaw.com
Anne Piero Silagy  asilagycourt@neo.rr.com, asilagy@ecf.epiqsystems.com
United States Trustee  (Registered address)@usdoj.gov
Alan Shapiro  Alan.M.Shapiro@usdoj.gov

/s/David B. Spalding #0019835

## SEC. 304. EXCLUSION FOR WRONGFULLY INCARCERATED INDIVIDUALS.

(a) IN GENERAL.—Part III of subchapter B of chapter 1 is amended by inserting before section 140 the following new section:

"SEC. 139F. CERTAIN AMOUNTS RECEIVED BY WRONGFULLY INCARCERATED INDIVIDUALS.

"(a) EXCLUSION FROM GROSS INCOME.—In the case of any wrongfully incarcerated individual, gross income shall not include any civil damages, restitution, or other monetary award (including compensatory or statutory damages and restitution imposed in a criminal matter) relating to the incarceration of such individual for the covered offense for which such individual was convicted.

"(b) WRONGFULLY INCARCERATED INDIVIDUAL.—For purposes of this section, the term 'wrongfully incarcerated individual' means an individual—

"(1) who was convicted of a covered offense,

"(2) who served all or part of a sentence of imprisonment relating to that covered offense, and

"(3) (A) who was pardoned, granted clemency, or granted amnesty for that covered offense because that individual was innocent of that covered offense, or

"(B) (i) for whom the judgment of conviction for that covered offense was reversed or vacated, and

"(ii) for whom the indictment, information, or other accusatory instrument for that covered offense was dismissed or who was found not guilty at a new trial after the judgment of conviction for that covered offense was reversed or vacated.

"(c) COVERED OFFENSE.—For purposes of this section, the term 'covered offense' means any criminal offense under Federal or State law, and includes any criminal offense arising from the same course of conduct as that criminal offense.".

(b) CONFORMING AMENDMENT.—The table of sections for part III of subchapter B of chapter 1 is amended by inserting after the item relating to section 139E the following new item:

"Sec. 139F. Certain amounts received by wrongfully incarcerated individuals.".

(c) EFFECTIVE DATE.—The amendments made by this section shall apply to taxable years beginning before, on, or after the date of the enactment of this Act.

(d) WAIVER OF LIMITATIONS.—If the credit or refund of any overpayment of tax resulting from the application of this Act to a period before the date of enactment of this Act is prevented as of such date by the operation of any law or rule of law (including res judicata), such credit or refund may nevertheless be allowed or made if the claim therefor is filed before the close of the 1-year period beginning on the date of the enactment of this Act.



EXHIBIT A